UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-14060-CR-MARTINEZ

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**ZENAIDA RODRIGUEZ,**                     **REPORT AND RECOMMENDATION**

      **Defendant.**
_____/

On or about January 19, 2010, court-appointed defense counsel Omar Guerra Johansson ("Counsel") submitted a voucher application numbered FLS 09 1728 with appended time sheets requesting $21,026.32 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA").

Counsel also submitted a letter of explanation dated January 19, 2010 ("Letter of Explanation") providing additional information concerning the nature of Counsel's representation of Defendant Zenaida Rodriguez ("Defendant") in this case. Counsel represented Defendant for eight (8) months from his appointment on April 10, 2009 until December 18, 2009.

Counsel seeks $21,026.32, an amount which exceeds the $8,600.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 456]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

## DISCUSSION

### This Case Was Complex

Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the factual nature of this case made this case more complex than the usual case. Defendant was indicted, along with eight (8) codefendants, on October 29, 2008. **[See DE # 15]**. The Indictment contained forty-five (45) counts. Defendant was specifically charged in Count XIII - conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 & 1349 and Counts XVIII and XIX - mail fraud in violation of 18 U.S.C. § 1341 & 2. For each count, Defendant faced a potential penalty of 20 years maximum incarceration, a $250,000.00 fine and 3 years of supervised release.

The government alleged that certain codefendants were involved in a conspiracy to manufacture and distribute controlled substances. The government further alleged that Defendant along with certain other codefendants purchased "[a]t least ten houses . . . through fraudulent mortgage applications" for the purpose of using the houses as "marijuana grow houses." **[DE # 15 at 12]**. To further complicate matters, one of Defendant's codefendants was her ex-husband. (Letter of Explanation at 2).

Second, as Counsel explained, "[t]his case from day one was a full blown trial." (Letter of Explanation at 1). Counsel further explained that the "discovery in this case was voluminous and placed at an off-site discovery service in Weston, FL. There were over 30 boxes of discovery to review in no order for trial . . . without organization." (Letter of

Explanation at 2). This required Counsel to incur a majority of his time reviewing documents in an attempt to fashion "a cohesive defense." (Letter of Explanation 1). Third, there were "over 10 witnesses as well as 10 entities" that were "crucial to present the defense of Mrs. Rodriguez." (Letter of Explanation at 1). As a result, "numerous witnesses . . . had to be interviewed." (Letter Explanation 2). Counsel incurred a significant amount of time understanding the role of these people and entities in the case and how they related to Defendant.

Fourth, this particular case was rendered more complex because Defendant did not speak or read English. (Letter of Explanation 2). As explained above, this case was extremely document intensive and the documents played a critical role in the criminal allegations in the Indictment. Yet, Defendant claimed that she "had no knowledge or understanding of the mortgage documents" which were in English and that her signature on many of the documents was forged. Counsel incurred time and fees investigating this defense and required Counsel to "make contact with two different [handwriting] experts." (Letter of Explanation 2). This greatly added to the amount of time and fees incurred by Counsel in this case.

Fifth, Counsel engaged in extensive motion practice in this case. Counsel filed a Request for Disclosures of Expert Witness Summaries **[DE # 167]**, Request for Disclosures of Prior Convictions and 404(b) Evidence **[DE # 168]**, Motion to Clarify the Record of Detention Hearing **[DE # 191]**, Motion to Continue Motions Deadline **[DE # 228]**, Motion for Authorization to Retain Investigator **[DE # 229]**, Motion to Withdraw Waiver of Speedy Trial Act Rights **[DE # 258]**, Motion to Sever Defendant **[DE # 259]**, Motion for Reconsideration of Order of Pre-Trial Detention **[DE #260]**, Ex Parte Motions to Seal the Motion for

Handwriting Expert and Seal This Motion to Seal **[DE # 424]**, Second Motion to Sever Defendant Zenaida Rodriguez **[DE # 311]**, Unopposed Motion to Set Conditions of Pretrial Release **[DE # 314]** and a Motion to Unseal **[DE # 412]**. Counsel was successful in persuading the Court to sever Defendant's case from the cases of her codefendants and in securing Defendant's release on bond.

Sixth, there were also a number of hearings in this case - more than in the average case. Specifically, Counsel attended nine (9) hearings in this case. The hearings took place on: April 10, 2009 **[See DE # 144]**, April 14, 2009 **[See DE # 153]**, April 23, 2009 **[See DE # 206]**, May 15, 2009 **[See DE # 244]**, July 13, 2009 **[See DE # 272]**, July 21, 2009 **[See DE # 275]**, October 1, 2009 **[See DE # 326]**, October 8, 2009 **[See DE # 351]** and October 20, 2009 **[See DE # 371]**. During Counsel's last court appearance on October 20, 2009, the government announced its intention to dismiss all charges against Defendant. Thereafter, the United States filed a motion to dismiss all of the charges against Defendant which the Court granted.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due to the amount of time Counsel incurred reviewing the voluminous discovery, attending hearings and filing motions with the Court. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I will now review the voucher to determine the appropriate amount for which Counsel should be compensated.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel listed a total of 6.6 in-court hours using the hourly rate of $110.00/hour for a total of $726.00. After verifying the in-court hours, the CJA administrator made no changes to the number of in-court hours claimed by Counsel.

The CJA administrator also reviewed the $19,151.00 Counsel billed for 174.1 out-of-court hours. Counsel sought compensation for 24.9 hours for "Interviews and conferences" and 87.5 hours for "Obtaining and reviewing records". Counsel also sought compensation for 23.5 hours for "Legal research and brief writing", 38.0 hours of "Travel time" and 0.2 hours for "Investigative and Other work." Counsel further sought $884.26 in "Travel Expenses" and $265.06 in "Other Expenses."

The CJA administrator made one change to the out-of-court hours listed in the voucher. The CJA administrator slightly decreased the total number of hours spent "Obtaining and reviewing records" to 87.3 hours. The CJA administrator also increased the amount of expenses sought by Counsel in the category "Travel Expenses" to $939.26. Factoring in the CJA administrator's adjustments, the total amount sought by Counsel increased to $21,059.32.

### In-Court Hours[1]

Counsel seeks $726.00 for 6.6 in-court hours at a rate of $110.00 per hour. The CJA Administrator made no correction to this calculation. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel seeks $19,151.00 for 174.1 out-of-court hours. The CJA administrator corrected these figures, noting that Counsel actually documented 173.9 out-of-court hours at $110.00 per hour, totaling $19,129.00.

Although the majority of Counsel's time entries are appropriate, Counsel included a few entries that are not appropriate. First, Counsel sought reimbursement for time that was clerical in nature. Specifically, Counsel sought reimbursement for the following clerical tasks:

| Date | Task | Hours |
|---|---|---|
| 4/1/309 | Print case docket report | 0.4 hours |
| 8/26/09 | Subpoena faxed | 0.2 hours |

The "Supplemental Instructions for Completing CJA20 Vouchers" ("Supplemental Instructions") form provided by the Court reinforces the Guidelines and makes clear that time spent performing clerical work is not compensable under the CJA. The Supplemental Instructions provide that "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Consequently, the 0.6 hours spent by Counsel on these clerical tasks, totaling $66.00, should be deducted from the total compensation.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Counsel also sought reimbursement for time spent keeping Defendant's family informed about the progress of the case.  The specific entries are:

| Date | Description | Time |
|---|---|---|
| 4/14/09 | Call family (5) re: Det. HRG info. | 0.2 hours[2] |
| 4/15/09 | Ans. call from D sister-in-law | 0.2 hours |
| 4/20/09 | Ans. D daughter's call | 0.1 hour |
| 5/4/09 | Ans. D's daughter's call | 0.1 hour |
| 5/5/09 | Meet with daughter @ office | 0.8 hours |
| 5/19/09 | Answer D daughter email | 0.1 hour |
| 6/11/09 | Ans. call from D's daughter | 0.1 hour |
| 6/26/09 | Ans. call from D's daughter | 0.1 hour |
| 7/21/09 | Meet with daughter Yeni (2x) | 0.4 hours |
| 9/23/09 | Call daughter on plea | 0.1 hour |
| 9/24/09 | Call Yeni re: Manuel/ Plea | 0.2 hours |
| 9/28/09 | Ans. Family call re: bond | 0.2 hours |
| 9/30/09 | Call Family | 0.1 hour |

The Supplemental Instructions provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable."  These entries are not compensable because it

---

[2] Furthermore, the Supplemental Instructions form also requires that all "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation must be identified."

is time spent by Counsel guiding Defendant's family through the litigation process rather than time which contributed to Defendant's defense. Although commendable, such time is not compensable under the CJA. Accordingly, Counsel should not be compensated for the 3.3 hours Counsel spent in conferences with Defendant's family. This mandates a reduction of $363.00.

I find, however, that the remaining charges listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $18,722.00 for his out-of-court hours, a reduction of $429.00.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $18,722.00 for out-of-court

hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel sought $884.26 in "Travel Expenses" and $7.80 in "Other Expenses." The CJA administrator increased the amount of "Travel Expenses" to $939.26. I approve the CJA administrator's correction and approve the amount of $939.26. The CJA administrator made no changes to the amount of "Other Expenses" sought, $265.06. I approve the "Other Expenses" sought by Counsel as reasonable.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I find that it is appropriate that reimbursement be allowed in excess of the statutory maximum of $8,600.00 in this case. Based upon my review of the time sheets, the Letter

of Explanation submitted by Counsel and the docket and filings in this case, I RECOMMEND that Counsel be paid $20,652.32 as fair and final compensation for his work in these cases.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 22nd day of June, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Omar Guerra Johansson, Esq.
    Lucy Lara, CJA administrator